*FOR PUBLICATION*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

APPELLATE DIVISION

| | | |
|---|---|---|
| KELVIN DENNIE, | ) | D.C. Civ. App. No. 2006-0145 |
| | ) | |
| Appellant, | ) | Super. Ct. Civ. No. 151/1995 |
| vs. | ) | |
| | ) | |
| GOVERNMENT OF THE VIRGIN | ) | |
| ISLANDS, V.I. TAXICAB | ) | |
| COMMISSION, KEITHLEY JOSEPH | ) | |
| (Executive Director), PATRICK | ) | |
| GORDON, DAVID BRATHWAITE, SR., | ) | |
| CLAIRE ROKER, GEORGE O'REILLY, | ) | |
| ROOSEVELT DAVID, (Chairman), | ) | |
| JOSEPH GRIFFIN, RUDULPH A. | ) | |
| THOMAS, JR., and EVA RICHARDS | ) | |
| (Commission Members), | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Maria M. Cabret, Judge Presiding

Considered: September 24, 2010
Filed: December 19, 2011

BEFORE: **CURTIS V. GOMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Senior Sitting Judge, District Court of the Virgin Islands; and **ADAM G. CHRISTIAN**, Judge of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sitting by designation.

Attorneys:

Kelvin B. Dennie, *pro se*
St. Croix, U.S.V.I.
        For the Appellant,

Richard Schrader Jr., Esq., AAG
St. Croix, U.S.V.I.
        For the Appellees.

*Kelvin Dennie v.  V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 2


**Per Curiam.**

---

**MEMORANDUM OPINION**

---

In this appeal, we are tasked with reviewing whether the Superior Court lacked jurisdiction over this action challenging the sale of taxicab medallions. We also review whether the trial court erred by dismissing this matter with prejudice. For the reasons explained below, we affirm in part and reverse in part.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of the Virgin Islands Taxicab Commission's ("Commission" or "Appellee") distribution of taxicab medallions by lottery and auction. On December 5, 1994, pursuant to Act No. 5965, the Commission issued a public notice indicating that on December, 14, 15 and 16, 1994, it would sell taxicab medallions by special lotteries and auctions on St. Thomas, St. John and St. Croix respectively.[1]  On December 6, 1994, appellant Kelvin Dennie ("Appellant" or "Dennie") sent a letter to the Commission

---

[1] The Commission proposed that eighteen medallions would be sold by lottery to veterans and the general public and six medallions would be sold by auction to veterans only. At no point during this litigation has the Appellant claimed that he is a veteran, nor does he raise the veteran set-aside for our review.

*Kelvin Dennie v.  V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 3

challenging the proposed sale as being in violation of Act No.
5965.[2]

Between December 14, 1994 and December 16, 1994, the
Commission conducted sales of the medallions in accordance with its
public notice. The Commission sold three medallions to pre-
qualified veterans and three medallions to other local residents on
each of the three islands for a total of eighteen medallions sold.
Dennie, however, did not participate in any of the sales.
Nonetheless, after the auction ended and the sales were conducted,
Dennie sent a letter to the Commission renewing his pre-sale
objection to the sale.  The Chairman of the Commission responded by
letter dated February 9, 1995, indicating that the sale of the
medallions was proper, noting that Dennie chose not to participate
in the sale, and concluding that Dennie presented no legitimate
case or controversy.

Dennie did not seek any further remedy with the agency.
Instead, on February 28, 1995, he filed a timely[3] four-count[4], *pro*

_____

[2] Dennie's correspondence challenged the sale on three bases.
First, Dennie claimed that the December 1994 lottery sale was
untimely because it did not occur within six months of April 6,
1994, which was the enactment date of Act 5965. Second, Dennie
claimed that twenty-four, rather than eighteen medallions should
have been distributed by the Commission. Finally, Dennie argued
that Act 5965 did not authorize the Commission to simultaneously
conduct a sale and auction of the medallions. (J.A. 15.)

*Kelvin Dennie v.  V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 4

*se* complaint in the Superior Court against the Commission and its

members.  Dennie alleged, *inter alia*, that the Commission failed to

comply with its governing statute, breached its legal duty by

simultaneously conducting a sale and auction, and violated his due

process rights.  Dennie sought injunctive relief intended to

prevent the Commission from issuing taxicab license plates for the

medallions sold in the December 1994 sale. Dennie also sought

punitive and general tort damages. On May 18, 1995, the Commission

responded with a motion to dismiss alleging, *inter alia*, that

Dennie lacked standing to pursue this action.

The trial court did not immediately rule on the Commission's

motion to dismiss. Thereafter, Dennie moved for partial summary

judgment. On July 14, 1997, the trial court construed Dennie's

---

[3]  Dennie received the letter on February 16, 1995. Superior Court
Rule 9 and Federal Rule of Civil Procedure 6(a) govern the
computation of time.  The ten-day requirement contained in V.I.
Code. Ann. tit. 3, § 274 (1995), is subject to the computation
rubric under Super. Ct. R. 9 and Fed. R. Civ. P. 6(a). Rule 6(a) of
the Federal Rules provides that, "[w]hen the period of time
prescribed or allowed is less than 11 days, intermediate Saturdays,
Sundays and legal holidays shall be excluded in the computation."
Fed. R. Civ. P. 6(a); *see also* Super. Ct. R. 9 (same).

[4] On August 7, 1995, Dennie filed an amended complaint adding a
fifth count alleging that the acting director of the Commission
failed to act on an unrelated complaint brought by Dennie against
certain rental car agencies. (J.A. 35.) The trial court later
denied the motion for failure to comply with Fed. R. Civ. P. 15 and
for failure to state a claim for which relief could be granted.
(J.A. 49-51.)

*Kelvin Dennie v.  V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 5

complaint as a petition for writ of review, exercised appellate

jurisdiction over the petition, and held that the sale did not

violate Act 5965. As a result, the court denied Dennie's summary

judgment motion, granted the Appellee's partial summary judgment

and dismissed count I of Dennie's complaint, leaving Dennie to

pursue his theories of recovery under counts II, III and IV.   (J.A.

22-25.) Dennie motioned the court to reconsider, and later to

vacate the trial court's July 1997 decision.   The Court denied both

motions and Dennie immediately sought an interlocutory appeal of

the trial court's summary judgment ruling with this appellate

court.   On October 29, 1997, pursuant to a stipulation of the

parties, this Court dismissed that appeal without prejudice, as

premature. However, we preserved Dennie's right to pursue an appeal

when the trial court issued its final decision resolving the

remaining counts. (J.A. 26.)

   On October 25, 2004, the Commission renewed its Fed. R. Civ.

P. 12(b) argument that Dennie lacked standing.[5] On June 16, 2006,

the Superior Court agreed with the Commission's position and

dismissed, with prejudice, the remaining counts of Dennie's

complaint for lack of subject matter jurisdiction. (J.A. 33-49.)

---

[5]   Subsequently, the matter was reassigned from outgoing Judge
Alphonso Andrews to then-presiding Judge Maria M. Cabret.

*Kelvin Dennie v. V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 6

Dennie moved to vacate or set aside the order.[6] (J.A. 53-61.) On

August 8, 2006, the trial court denied the motion. This timely

appeal followed.

## II.  JURISDICTION

This Court has jurisdiction to review final judgments and

orders of the Superior Court in civil cases filed prior to January

29, 2007. *See* Revised Organic Act § 23A, 48 U.S.C. § 1613a; Act No.

6730 § 54(d)(1)(Omnibus Justice Act of 2005); *see, e.g., Gabriel*

*Joseph v. People of the V.I.*, 2008 U.S. Dist. LEXIS 107654, at *17

(D.V.I. App. Div. Dec. 9, 2008)(the Appellate Division maintains

jurisdiction over all pending appeals filed prior to January 29,

2007); *see also Hypolite v. People*, 2009 WL 152319, at *2 (V.I.

Jan. 21, 2009)(same).

## III. STANDARD OF REVIEW

Generally, we exercise plenary review over standing and

statutory construction issues, but review for clear error the

factual elements underlying the trial court's determination of

standing. *See Conte Bros. Auto., Inc. v. Quaker State-Slick 50,*

*Inc.*, 165 F.3d 221, 224 (3d Cir. 1998).  We review the trial

---

[6]   He also moved to file a second amended complaint in an attempt
to cure his standing defect (J.A. 64-78). The trial court also
denied this motion.

*Kelvin Dennie v. V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 7

court's denial of a motion to vacate for abuse of discretion.[7]

*Ethan Michael Inc. v. Union Twp.*, 2010 U.S. App. LEXIS 18182, *at 6

(3d Cir. Aug. 30, 2010).

## IV. ANALYSIS

### A. Whether the Superior Court erred when it denied Dennie's motion to vacate its order dismissing Dennie's complaint for lack of standing.

Standing is fundamental to justiciability. *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 560 (1992). It is a threshold

determination. Put another way, before the court reviews any other

aspect of a complaint, a plaintiff must have standing before he

enters the court's doors.[8] The standing question asks: whether the

plaintiff has alleged such a personal stake in the outcome of the

controversy to warrant his invocation of the court's intervention.

*Warth v. Seldin*, 422 U.S. 490, 498 (1975). For the reasons cited

_____

[7]The trial abuses its discretion if it makes a clearly erroneous finding of fact, a mistaken conclusion of law, an improper application of fact to law, or if no reasonable person would reach the same decision. *In re Cendant Corp. PRIDES Litigation*, 235 F.3d 176, 181 (3d Cir. 2000). "[W]e will not interfere with the [trial court]'s exercise of discretion unless there is a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.*

[8]Dennie also challenges the trial court's decision to: dismiss his complaint with prejudice, deny his motion for leave to amend and to strike his complaint. Additionally, Dennie argues that the trial court erred in interpreting a clause in Act 5965. (Appellant's Brief at 13, 17, 20, 21, 22.)

*Kelvin Dennie v. V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 8

below, we find that Dennie has not sufficiently alleged such a

stake in this matter. We begin our analysis by examining how

Virgin Islands law defines those persons who may properly bring an

action challenging the sale of taxi cab medallions.

The V.I. Taxicab Commission is the administrative agency

charged with the authority to hear grievances concerning the

ownership of taxi medallions and taxi license plates in the Virgin

Islands. *Thomas v. Gov't*, 26 V.I. 71, 73 (V.I. Terr. Ct. 1991).[9]

The Commission's enabling statute at V.I. Code. Ann. tit. 3, § 274

(1995), addresses which persons may challenge a decision of the

Commission.

The 1995 version of 3 V.I.C. § 274 provides that, "[a]ny

person aggrieved by any decision of the Commission may within ten

days following the date of notice of such decision file an appeal

for review with the [Superior] Court of the Virgin Islands." *See*

*id.* (emphasis added). Notably, Section 274 does not provide

---

[9] Generally, V.I. Code Ann. tit. 5, § 1421, vests the Superior Court with jurisdiction over the final decisions of administrative agencies organized under the executive branch of the Government of the Virgin Islands. The Commission's enabling statute at V.I. Code. Ann. tit. 3, § 274 (1995), specifically vests the Superior Court with jurisdiction over the Commission's final decisions.

*Kelvin Dennie v. V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 9

explicit guidance concerning who has standing to bring an action as a "person aggrieved."[10]

However, as the Superior Court properly posited, in the absence of explicit statutory standing requirements, Virgin Islands courts have held that the Article III case or controversy requirement governs whether a party has standing to challenge an administrative agency decision, as a "person aggrieved."[11] *See C&C Manhattan v. Gov't of the Virgin Islands*, 2004 U.S. Dist. LEXIS 24543 (D.V.I. App. Div. 2004)(although standing is a constitutional requirement stated as one for Article III courts, and is not otherwise specified in our statutes, Virgin Islands courts have adopted the federal standing requirement as a matter of prudential consideration).[12]

--------

[10] The term "person aggrieved" is also not defined in any of the fourteen definitional sections of title 3. *See generally* V.I. Code Ann. tit. 3.

[11] *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 47 V.I. 430, 439 n. 10 (V.I. Super. Ct. 2006) (citing *Sierra Club v. Hawai'i Tourism Auth. ex rel. Bd. of Dirs.*, 100 Haw. 242, 59 P.3d 877, 897 (Haw. 2002) (where a statute authorizes judicial review to aggrieved parties under certain circumstances, "the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff")); *see also Bradbury Mem'l Nursing Home v. Tall Pines Manor Assocs.*, 485 A.2d 634, 638-39 (Me. 1984) (challenger to CON determination in Maine must satisfy both statutory and particularized-injury standing requirements).

[12] Prudential standing consists of a set of judge-made rules forming an integral part of judicial self-government. These requirements

*Kelvin Dennie v.  V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 10

Under Article III jurisprudence, to properly obtain standing there must be an actual case or controversy.[13] *Sierra Club v. Morton*, 405 U.S. 727 (1972). Under the case or controversy standard, the plaintiff bears the burden to present an injury that is: 1) concrete, particularized, and actual or imminent; 2) fairly traceable to the defendant's challenged action; and 3) redressable by a favorable court ruling.[14] *Lujan*, 504 U.S. at 560-561 (emphasis added); *see also Horne v. Flores*, 129 S. Ct. 2579, 2592 (2009). To meet Article III muster, a plaintiff challenging an administrative agency decision must adequately demonstrate all three prongs.

---

are designed to limit access to the federal courts to those litigants best suited to assert a particular claim. *General Instrument Corp. v. Nu-Tek Elecs. & Mfg.*, 197 F.3d 83, 87 (3d Cir. 1999)(internal citations and quotations omitted); *see e.g.*, *Donastorg v. Government of the Virgin Islands ex rel. Dep'ts and Agencies and its Com'rs and Directors*, LEXIS 21653354, at *4-6 (Terr. Ct. 2003) (noting judicially imposed standing requirement as a condition of judicial review in the Superior Court).

[13] The requirement of an Art. III "case or controversy" is not merely a traditional "rule of practice," but rather is imposed directly by the Constitution. *Whitmore v. Arkansas*, 495 U.S. 149, 161 (1990).

[14] First, a potential litigant must demonstrate "injury in fact"--a harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (internal quotation marks and citation omitted). Second, he must establish causation--a "fairly. . . trace [able]" connection between the alleged injury in fact and the alleged conduct of the defendant. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976). Finally, he must demonstrate redressability, that is - a "substantial likelihood" that the requested relief will remedy the alleged injury in fact. *Id.* at 45.

*Kelvin Dennie v.   V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 11

*Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)(citing *Lujan*, 504 U.S. at 560)(these requirements together constitute the "constitutional minimum" of standing)).

At a minimum, Dennie was required to show that he was "injured in fact." *See e.g.*, *Gen. Instrument Corp. of Del. v. Nu-Tek Elecs. & Mfg., Inc.*, 197 F.3d 83, 88 (3d Cir. 1999) (providing that a party who fulfilled the injury-in-fact prong of the constitutional standing requirements would also be a person aggrieved under the relevant federal administrative statute).  The lynchpin of the injury in fact inquiry is a showing that the alleged injury is "concrete and particularized," *Lujan*, 504 U.S. at 560, and "distinct and palpable." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Pivotal to this concept of "particularized" injury is the requirement that a plaintiff be affected in a "personal and individual way." *Lujan*, 504 U.S. at 560, n.1. The injury in fact requirement is broad, in that, the extent of the injury suffered is generally immaterial - "an identifiable trifle will suffice." *Public Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc.* 913 F.2d 64, 71 (3d Cir. 1990). However, without a sufficient allegation of particularized injury, there can be no confidence that the courts can frame relief in a manner that properly fits the precise facts and grievances. *Warth v. Seldin*, 422 U.S. 490 (1975).

*Kelvin Dennie v. V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 12

Below, Dennie generally claimed that he was deprived of the probability to have won a medallion via lottery or auction. In response, the Superior Court thoroughly examined jurisprudence concerning diminished probability and lost opportunities to bid in government-sanctioned auctions. However, these cases are of no moment because Dennie, who was free and eligible to take part in the lottery processes, did not participate. The Supreme Court has long-held that a threatened injury must be "'certainly impending'" to constitute injury in fact. *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979) (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923). Here, however, Dennie faced no impending consequence prior to the award of the medallions and no actual consequence after the medallions had been won and issued.

To be an aggrieved party, one must have participated in the agency proceeding under review. *Wales Transp., Inc. v. Interstate Commerce Com.*, 728 F.2d 774, 776 (5th Cir. 1984). Dennie bemoans his loss although he never participated, and does not argue any exception to standing's well-established rule.[15] On appeal, as

---

[15] In two "rare instances" an individual may appeal an agency action even if not a party to the original agency proceeding. *American Trucking Assos. v. Interstate Commerce Com.*, 673 F.2d 82, 85 n.4 (5th Cir. 1982). First, an appeal is allowed if the agency action is "attacked as exceeding the power of the Commission." *Edward Hines Yellow Pine Trustee v. United States*, 263 U.S. 143, 147 (1923) (plaintiffs may maintain suit, although not parties to the [agency] proceeding, if the order is alleged to be in excess of the

*Kelvin Dennie v.   V.I. Taxicab Commission,* et al.
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 13

below, Dennie's only cognizable allegation of injury is his

generalized claim that he was denied the possibility of winning a

medallion, if he had participated. Such a diffuse allegation does

not support a conclusion that he suffered a particularized injury.

Dennie also challenges the medallion sale as offensive to

both the public and the Commission's enabling legislation.

(Appellant's Brief at 13-19.) However, this argument is misguided.

To possess standing, the plaintiff must show that he seeks relief

for conduct that "directly and tangibly" affected him in a manner

distinct from its impact on "the public at large." *Lujan*, 504

U.S.at 573-574. Dennie has not made such a showing here.

Accordingly, because Dennie has failed to allege concrete injury in

fact, we agree with the Superior Court where it concluded that

Dennie lacked standing.

**B. Whether the Superior Court erred when it dismissed this matter
with prejudice.**

---

[agency's] power and subjects the plaintiffs to actual or
threatened legal injury); *Skinner & Eddy Corp. v. United States*,
249 U.S. 557, 563-64 (1919) ([i]f the "contention is that the
commission has exceeded its statutory powers... the courts have
jurisdiction of suits to enjoin the enforcement of an order, even
if the plaintiff has not attempted to secure redress in a
proceeding before the commission."). Second, an appeal is allowed
if a person, not a party to the agency proceeding, properly
challenges the constitutionality of the statute conferring
authority on the agency. *American Trucking Assos*, 673 F.2d at 85
(citing 3 K. Davis, Administrative Law Treatise § 22.08, at 240)).
Neither circumstance is presented here.

*Kelvin Dennie v. V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 14

We do not take issue with the Superior Court's position that Dennie lacked standing. However, we do take issue with the court dismissing the action "with prejudice." Dennie argues that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and, thus, should be ordered "without prejudice." (Appellant's Brief at 20.) We agree.

Because standing is a jurisdictional mandate, and not an adjudication on the merits, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice. *see Ray v. Eyster*, 132 F.3d 152, 155 (3d Cir. 1997) (stating that if a court decides that it lacks jurisdiction, it cannot decide the merits); *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980); ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is 'without prejudice.'"); *see, e.g., County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464-65 (8th Cir.), *cert. denied*, 543 U.S. 956 (2004).

As such, we will remand, to require the Superior Court to amend its order to reflect dismissal of Dennie's claims "without prejudice." [16] *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172,

---

[16] The jurisprudence requiring that dismissal for lack of jurisdiction be made "without prejudice" primarily concern federal actions where the party who lacked subject matter jurisdiction

*Kelvin Dennie v.  V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 15

182 (3d Cir. 1999)(agreeing with trial court's reasoning, but

remanding case dismissed for lack of jurisdiction to be dismissed

"without prejudice"); *Univ. of Pittsburgh v. Varian Med. Sys.*, 569

F.3d 1328, 1333 (Fed. Cir. 2009)("the law universally disfavors

dismissing an action with prejudice based on lack of standing, and

there is a strong presumption that such a dismissal is improper.");

*see also Stalley ex rel. United States v. Orlando Reg'l Healthcare*

*Sys., Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008)(explaining that

a dismissal for lack of standing is necessarily without prejudice

because the court lacked subject matter jurisdiction and thus could

not reach the merits of the claim); *Fleck & Assocs. v. City of*

*Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (same); *Kasap v.*

*Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C.

Cir. 1999)(modifying a dismissal to be without prejudice because

"dismissals for lack of jurisdiction are not decisions on the

merits").

---

could potentially pursue the same action in state court. In those
circumstances, dismissal without prejudice prevented the
inadvertent triggering of collateral estoppel and *res judicata* in
subsequent state court actions. We do not see those same issues
directly implicated here, particularly where: it is unlikely that
Dennie could cure the standing defect because he cannot go back in
time and participate in the sales; the statute of limitations has
long run on Dennie's claims; and Dennie filed his action in the
only court of competent jurisdiction to hear his claim.
Nonetheless, the weight of precedent demands that we remand for the
assignment of the proper nomenclature to this claim's dismissal.

*Kelvin Dennie v.  V.I. Taxicab Commission, et al.*
D.C. Civ. App. No.: 2006-0145
Memorandum Opinion
Page 16

**V. CONCLUSION**

For the foregoing reasons, we **AFFIRM** the Superior Court's decision concerning standing, and **AFFIRM** the Superior Court's decision to dismiss this action. We **VACATE** the trial court's decision to dismiss count I of Dennie's complaint via summary judgment, and instead, dismiss count I for lack of standing.  We **REMAND** only where the trial court dismissed this action with prejudice, **WITH INSTRUCTIONS** for the trial court to dismiss this action **WITHOUT PREJUDICE**.  An order consistent with this opinion shall follow.